People v J.M. (2025 NY Slip Op 51314(U))

[*1]

People v J.M.

2025 NY Slip Op 51314(U)

Decided on August 22, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 22, 2025
Youth Part, Erie County

The People of the State of New York

against
J.M., AO.

Docket No. FYC-72493-25/001

Taylor Yensan, Esq. (Assistant District Attorney)
Daniel Schaus, Esq. (for Principal J.M.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Taylor Yensan, Esq. (Assistant District Attorney), dated August 8, 2025; responsive papers dated August 15, 2025 having been filed by Daniel Schaus, Esq. on behalf of AO J.M.; the ADA having reserved the right to a hearing on the facts alleged in support of the People's Motion; and due deliberation having been had, the Court finds the following:
Procedural History
AO J.M. is charged under FYC-72493-25/001 with one count of Criminal Possession of Stolen Property in the Third Degree, a class D felony, contrary to PL § 165.50.
On July 9, 2025, AO J.M. was arraigned by Accessible Magistrate Wanat. AO J.M. was remanded, and an appearance was scheduled in Youth Part at 9:00am later that day.
Later on July 9, 2025, this Court released AO J.M. on RUS with conditions and a curfew imposed.
On July 21, 2025, AO J.M. had a further proceedings appearance where it was [*2]determined that this matter does not qualify for a six-day reading under CPL § 722.23(2)(a). The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. The Court set the following motion schedule: the People's motion was due by August 8, 2025; Defendant's responsive papers were due by August 15, 2025, and a decision on motion was scheduled on August 22, 2025.

 Findings of Fact
It is alleged that on July 8, 2025, at 11:00 PM, a Cheektowaga Police Officer on patrol duty observed a Gray Nissan Altima drive past. Upon a DMV check, this Officer confirmed the Nissan Altima was a stolen vehicle, and the Officer initiated a traffic stop by activating his lights and sirens. The Nissan Altima accelerated speed, and the Officer began pursuit of the Altima. The Altima then turned into a parking lot and the Officer observed the Altima strike two (2) unoccupied, parked school buses. Upon striking the vehicle, the Officer observed the occupants of the Altima exit and flee the scene. After a short pursuit, all vehicle occupants were detained. One of the passengers of the vehicle was identified as AO J.M.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. CPL § 722.23(1)(a), (d).
The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept. 2025). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors". NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra. The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'". See, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021).
The facts here are not highly unusual or heinous. It is alleged that AO J.M. was a passenger in a stolen vehicle, he was not alleged to be the driver of the vehicle. AO J.M. did not brandish a weapon. Although there was property damage, thankfully, no one was injured. There were multiple participants to this crime but it is not alleged that he lead other individuals in the commission of this crime. Defense counsel for AO J.M. points out that AO J.M. has had a tumultuous childhood, that he was raised without a father figure and witnessed his mother be the victim of domestic violence. He also states that AO J.M is enrolled in school. 
However, AO J.M. has recent history in Youth Part. In the past year, AO J.M. has had two cases removed from Youth Part. One such case involved an armed robbery, while the other matter, which occurred less than four months later, involved criminal mischief. People v Guerrero, supra; People v J.K., 78 Misc 3d 1221[A] (Erie County, 2023); People v P.P., 78 Misc 3d 1222[A] (Erie County, 2023).
This Court has found that substantial aggravating factors exist here to support a determination to keep this matter in Youth Part, including AO J.M.'s history, the volume of cases [*3]that AO J.M. had in the past and continues to have in Youth Part and Family Court, and his disregard for the Court's previous leniency. AO J.M.'s actions illustrate that he will not be amenable to the heightened services of Family Court. The mitigating factors outlined by Defense counsel were considered but are not so probative as to outweigh the aggravating factors found.
The People have met their burden to prevent removal of this action to Family Court. Under the totality of the circumstances, considering the mitigating factors raised and the finding of substantially aggravating factors, this Court finds that extraordinary circumstances exist warranting this case remain in the Youth Part.
This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN